UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAFE LOADS BROKERING, LLC ) <br> and DAVID WILSON, ) <br>  ) <br>    Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> NATIONAL FIRE & MARINE ) <br> INSURANCE COMPANY, *et al*., ) <br>  ) <br>    Defendants. ) | CIVIL ACTION NO. <br> 2:21-cv-1168-KOB |

## MEMORANDUM OPINION

This is an insurance case. Someday, the case may present all the riveting elements typical of insurance cases—lengthy recitations of policy provisions, nuanced interpretations of those provisions, and arguments about policy coverage. But the court need not dive into such exciting matters to address Defendants' pending motion to dismiss. (Doc. 4). For the reasons stated below, the court finds that the complaint of Plaintiffs Safe Loads Brokering, LLC and David Wilson does not plausibly state a claim for relief as to any of the counts alleged.

## BACKGROUND

Plaintiffs haul freight. In 2019, Plaintiff Safe Loads contracted with T.A. Services, which is not a party to this suit, to deliver frozen goods to one of T.A. Services' merchants. (Doc. 1-1 at 4). Safe Loads claims that it delivered the goods

1

in "substantially the same refrigerated manner" as it received the goods. (Doc. 1-1 at 5). Even so, the merchant rejected the refrigerated load upon delivery. (*Id.*). That rejection led to roughly $30,000 in losses to T.A. Services. In turn, T.A. Services sued Safe Loads in Alabama state court in 2019 to recover damages for the load. The complaint does not state the nature of the claims made or the outcome of the 2019 state court case.

At the time these events transpired, Plaintiffs maintained an insurance policy with Defendant National Fire. (Doc. 1-1 at 6). Earlier this year, Plaintiffs filed this case in state court, and Defendants properly removed it. (Doc. 1). Plaintiffs aver that the insurance policy "provides coverage and liability insurance protection against claims asserted against the plaintiff, including" the claims that T.A. Services asserted in the 2019 state court case. (*Id.*). Plaintiffs do not cite to the policy in their complaint or brief in this case, and they challenge the authenticity of the policy that Defendants attached to the motion to dismiss.[1] Defendant Samuel Turco worked for National Fire as "claims agent for the claim asserted against the plaintiff by T.A. Services, Inc." (Doc. 1-1 at 7).

Here, Plaintiffs allege that Defendants' failure to investigate, defend, and make payments as to the claims in the 2019 state court case constituted: (1) breach of the insurance contract; (2) bad faith refusal to pay; (3) fraudulent

---

[1] This opinion rests on Plaintiffs' pleadings alone, rather than the policy's contents, so the court need not address Plaintiffs' challenge.

misrepresentation; and (4) wantonness. (Doc. 1-1 at 6 *et seq.*). Defendants now move to dismiss all four of Plaintiffs' claims under Rule 12(b)(6), and they alternatively seek a more definite statement under Rule 12(e). (Doc. 4).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible on its face, a claim must contain enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must accept the plaintiff's factual allegations as true, but the plaintiff must do more than recite legal elements of a claim. *Id.* In other words, the plaintiff must provide "more than the unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## DISCUSSION

Defendants move to dismiss all four of Plaintiffs' claims and alternatively seek a more definite statement. The court will address each claim in turn.

### a. Breach of Contract

Plaintiffs aver that Defendants breached a contractual duty to investigate and defend against T.A. Services' claims in the 2019 state court case. (Doc. 1-1 at 6).

3

An insured establishes a breach of contract claim by showing, in part, "the defendant's nonperformance" of the insurance contract. *State Farm Fire & Cas. Ins. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999) (citation omitted). And "the insured . . . normally bears the burden of establishing that a claim falls within the coverage of the policy." *Nationwide Mut. Fire Ins. Co. v. David Group, Inc.*, 294 So. 3d 732, 737 (Ala. 2019).

Here, Plaintiffs do not plead facts plausibly showing that Defendants breached the insurance contract. The court gives no weight to Plaintiffs' bare legal conclusion that the insurance policy covered the claims raised in the 2019 state court case. *See Iqbal*, 556 U.S. at 678. Plaintiffs' factual allegations only show that (1) a lawsuit occurred in 2019 with *unidentified* claims, and (2) a contract between Plaintiffs and Defendants provided liability insurance with *undefined coverage* terms. The court finds no plausible allegations that the claims raised in the 2019 suit actually triggered Defendants' contractual duty to defend or investigate. So Plaintiffs have not plausibly alleged "the defendant[s'] nonperformance." *See Slade*, 747 So. 2d at 303. And by failing to cite any policy terms showing that Defendants had a duty to defend the 2019 state court case, Plaintiffs do not plausibly allege that their "claim falls within the coverage of the policy." *Nationwide*, 294 So. 3d at 737. Dismissal is proper.

Defendants also argue that Plaintiffs' breach of contract claim against Defendant Turco fails as a matter of law. (Doc. 4 at 11). The court agrees. Under Alabama insurance law, a non-party to an insurance contract cannot be held liable for breach of contract. *See Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (dismissing breach of contract claim against claims adjuster because adjuster was "not a party to [plaintiff]'s insurance contract"). Here, Plaintiffs do not aver that Turco was a party to the insurance contract, nor can they. As a "claims agent" working for National Fire, Turco cannot be a party to the insurance contract. Because Plaintiffs cannot plausibly allege that Turco was a party to the contract, the breach claim against Turco fails as a matter of Alabama law. *See, e.g.*, *Stone v. State Auto. Mut. Ins. Co.*, No. 5:16-cv-381-AKK, 2017 WL 633081, at *2 (N.D. Ala. Feb. 16, 2017) (citing *Ligon* and dismissing breach claim against insurer's claims agent).

So the court will dismiss *without prejudice* the breach of contract claim against National Fire and will dismiss *with prejudice* the same claim against Turco.

### b. *Bad Faith Refusal to Pay Claim*

Plaintiffs aver that Defendants' failure to defend Plaintiffs and pay claims associated with the 2019 state court case constitutes bad faith. (Doc. 1-1 at 7). But under Alabama insurance law, "contractual liability is a prerequisite for liability for bad faith." *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 16 (Ala. 2001).

5

Because the court dismisses Plaintiffs' breach of contract claim, the court also dismisses *without prejudice* Plaintiffs' bad faith claim against National Fire. But because only a contractual party can be liable for bad faith, the court will dismiss *with prejudice* Plaintiffs' bad faith claim against Samuel Turco; he is not a party to the insurance contract. *See Ligon*, 551 So. 2d at 285.

### c. Fraudulent Misrepresentation

Plaintiffs allege that Defendants[2] engaged in "fraud and misrepresentation regarding [Plaintiffs'] procuring insurance coverage." (Doc. 1-1 at 8). Claims for fraud must satisfy Rule 9(b), which requires a claimant to plead several facts *with specificity*, including "precisely what statements were made." *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted). Plaintiffs do not specifically plead any of the facts that Rule 9 requires, so the court will dismiss without prejudice the fraudulent misrepresentation claim as to both Defendants.

### d. Wantonness

Plaintiffs allege that Defendants' failure to investigate, pay, and defend Plaintiffs as to the claims in the 2019 state court suit constituted a wanton breach of the insurance contract. (Doc. 1-1 at 9). But the Alabama Supreme Court does

---

[2] The complaint does not name Defendant Turco under the fraud and wantonness claims (causes three and four). Solely for the purposes of this motion, the court construes the reference to "Defendants" in those counts as targeting both National Fire and Samuel Turco. But if Plaintiffs replead, failure to specify by name which defendant allegedly did what will result in dismissal again for failure to plead with specificity as required by Rule 9.

"not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995). Thus, the court will dismiss with prejudice Plaintiffs' wantonness claim against both Defendants because that claim fails as a matter of law.

### e. More Definite Statements

Defendants alternatively request a more definite statement in the Plaintiffs' complaint under Rule 12(e). The court agrees on two accounts. First, Plaintiffs must number all paragraphs of the complaint, as Rule 10 requires. *See* Fed. R. Civ. P. 10(b). Second, Plaintiffs must "specify[] which of the defendants are responsible for which acts or omissions, [and] which of the defendants the claim is brought against." *See Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021).

## CONCLUSION

For the reasons stated above, the court will grant Defendants' motion to dismiss all of Plaintiffs' claims as follows.

The court will dismiss *without* prejudice the breach of contract claim (first cause) as to National Fire, the bad faith claim (second cause) as to National Fire, and the fraud claim (third cause) as to both Defendants.

And the court will dismiss *with* prejudice the breach of contract claim as to Samuel Turco, the bad faith claim as to Turco, and the wantonness claim (fourth cause) as to both Defendants.

Plaintiffs may amend their pleadings as to those claims dismissed *without* prejudice no later than **Tuesday, November 16, 2021**. If Plaintiffs choose to amend, the court will also order Plaintiffs to (1) number each paragraph of the complaint and (2) identify which Defendant is the subject of each act, omission, and count. Any amended complaint must include these corrections.

**DONE** and **ORDERED** this 2nd day of November, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE